# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ARTURO JIMENEZ,                          )     Case No. CV 12-2359-VAP (JEM)
                                         )
                    Petitioner,          )
                                         )     ORDER ACCEPTING FINDINGS AND
          v.                             )     RECOMMENDATIONS OF UNITED
                                         )     STATES MAGISTRATE JUDGE
L.S. McEWEN, Warden,                     )
                                         )
                    Respondent.          )
_____)

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records on file, the Report and Recommendation of United States Magistrate Judge, and Petitioner's Objections to the Report and Recommendation ("Objections").

The Court will address certain contentions made by Petitioner in connection with his claim asserting that defense counsel was ineffective for failing to call Gustavo Ramos ("Ramos") to testify that he did not threaten Eric Rodriguez ("Rodriguez"), the principal prosecution witness in the case.  Petitioner argues that the Magistrate Judge erroneously concluded that, since Ramos's declaration was not before the state courts that adjudicated Petitioner's ineffective assistance claim, the Supreme Court's decision in Cullen v. Pinholster, 131 S. Ct. 1388 (2011) bars its consideration in this action.  According to Petitioner, Pinholster does not apply because his claim arises under 28 U.S.C. § 2254(d)(2) rather than 28 U.S.C. § 2254(d)(1). (Objections at 1, 20 & n.1.)

1    This argument is without merit.  Although Pinholster concerned the scope of review

2    under Section 2254(d)(1), the limitation on a federal habeas court's consideration of new

3    evidence applies to claims arising under Section 2254(d)(2) as well as Section 2254(d)(1).

4    Gulbrandson v. Ryan, 738 F.3d 976, 994 n.6 (9th Cir. 2013), cert. denied, 134 S. Ct. 2823

5    (2014); see also 28 U.S.C. 2254(d)(2) (allowing for habeas relief if the state court decision

6    "was based on an unreasonable determination of the facts in light of the evidence presented

7    in the State court proceeding"); Pinholster, 131 S. Ct. at 1400 n. 7 (comparing Section

8    2254(d)(1) to Section 2254(d)(2) and referring to the "additional clarity of § 2254(d)(2) on

9    this point").

10    Moreover, Petitioner's claim is not properly analyzed under Section 2254(d)(2).

11    Under § 2254(d)(2), a federal court is relieved of AEDPA deference when a state court's

12    adjudication of a claim "resulted in a decision that was based on an unreasonable

13    determination of the facts in light of the evidence presented in the State court proceeding."

14    Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012), cert. denied, 133 S. Ct. 1262

15    (2013).  Section 2254(d)(2) applies when an "intrinsic analysis" of the state court's

16    fact-finding process is implicated, i.e., "where petitioner challenges the state court's findings

17    based entirely on the state record."  Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir.

18    2004).  Petitioner is challenging the state court's determination of the facts based on

19    evidence -- Ramos's declaration -- that he did not obtain until after the conclusion of his

20    state court proceedings.  (See Amendment to Objections at 3.)  Nor has he met the high

21    threshold for showing that the state court's fact-finding process was unreasonable.  Id.;

22    Hibbler, 693 F.3d at 1146-47.

23    Petitioner next argues that the Court should stay this action to allow him to present

24    his ineffective assistance claim to the state courts along with Ramos's declaration.

25    (Amendment to Objections at 1-3.)  As detailed in the Report and Recommendation, the

26    state court's reasoned decision assumed that Ramos would have testified that he did not

27    threaten Rodriguez, and nevertheless found that defense counsel's failure to call him to the

28

1  stand was not ineffective.  The Magistrate Judge also concluded that even if AEDPA did not

2  preclude his consideration of Ramos's declaration, the contents of the declaration were

3  insufficient to show prejudice under Strickland v. Washington, 466 U.S. 668 (1984).  (Report

4  and Recommendation at 23, 25.)

5        Petitioner cites Gonzalez v. Wong, 667 F.3d 965 (9th Cir. 2011), cert. denied, 133 S.

6  Ct. 155 (2012), in which the Ninth Circuit held that a habeas petition should be stayed in

7  order to allow the state courts to consider new evidence that had been suppressed by the

8  prosecution, because the new evidence substantially strengthened the petitioner's claim.  Id.

9  at 972, 980.  No such situation exists here, where there was no suppression by the state

10  and the Magistrate Judge has already found that Petitioner's ineffective claim would fail

11  even if supported by Ramos's declaration.  Unlike Gonzalez, Petitioner does not have "a

12  potentially meritorious claim."  Gonzalez, 667 F.3d at 980; see also Rhines v. Weber, 544

13  U.S. 269, 277 (2005) (to support motion to stay, unexhausted claim must have merit).  A

14  stay of this action to allow Petitioner to present Ramos's declaration to the state courts

15  would be futile, and Petitioner's request for a stay is DENIED.

16        Petitioner's remaining contentions in the Objections restate the arguments in his

17  Petition and Reply, which were considered and rejected by the Magistrate Judge in the

18  Report and Recommendation.  Having made a de novo determination of the portions of the

19  Report and Recommendation to which the Objections are directed, the Court accepts the

20  findings and conclusions of the Magistrate Judge.

21        Accordingly, IT IS HEREBY ORDERED that: (1) the Petition for Writ of Habeas

22  Corpus is denied; and (2) Judgment shall be entered dismissing the action with prejudice.

23

24  DATED:  August 18, 2014

25             VIRGINIA A. PHILLIPS
           UNITED STATES DISTRICT JUDGE

26

27

28
               3